

**FILED**
March 05, 2021
SX-2015-CV-00548
**TAMARA CHARLES**
**CLERK OF THE COURT**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

MARSHA JAGRUP,

Plaintiff,

v.

V.I. BOARD OF NURSE LICENSURE,

Defendant.

**CIVIL CASE NO. SX-15-CV-548**

ACTION FOR DAMAGES

**2021 VI Super 29**

**Trudy Fenster, Esq.**
LAW OFFICE OF TRUDY FENSTER P.C.
St. Croix, U.S.V.I.
*Attorney for Plaintiff*

**Venetia H. Velazquez, Esq., AAG.**
DEPARTMENT OF JUSTICE
St. Croix, U.S.V.I.
*Attorney for Defendant*

**BRADY, Douglas A., Judge**

## MEMORANDUM OPINION and ORDER

¶ 1    Before the Court is Defendant V.I. Board of Nurse Licensure's ("VIBNL") Motion to Dismiss, filed November 20, 2020, fully briefed. Defendant asserts that the present action must be dismissed for lack of subject matter jurisdiction and for Plaintiff's failure to state a claim for which relief is available, pursuant to V.I. R. Civ. P. 12(b)(1) and 12(c), respectively. For the reasons set forth herein, the Court will deny Defendant's Motion.

## BACKGROUND

¶ 2    On September 25, 2015, the Governor Juan F. Luis Hospital ("JFL") received a complaint alleging that on June 12, 2015, its employee, Plaintiff Marsha Jagrup, had a patient sign over his assets to her prior to succumbing to his illness in violation of JFL's code of conduct.[1] Plaintiff Nurse Jagrup was placed on administrative leave June 16, 2015. An investigation hearing was convened July 7, 2015, followed by subsequent hearings on July 28, 2015, and August 17, 2015, at which Nurse Jagrup was represented by counsel. Plaintiff was immediately terminated following

---

[1] Pl.'s Opp. to Mo. to Dismiss, Ex. 5.

the August 17, 2015 hearing.[2] On September 25, 2015, JFL submitted a written complaint to VIBNL describing the incident and Jagrup's termination.[3] On October 1, 2015, through its Interim Executive Director, VIBNL sent a letter to Plaintiff notifying her of its receipt of JFL's complaint and the initiation of an investigation by the Board's Disciplinary Committee.[4] The letter instructed Plaintiff not to seek employment as a registered nurse anywhere in the territory until a formal disciplinary judgment was rendered.[5]

¶ 3       Plaintiff initiated this action by Complaint filed November 12, 2015, seeking emergency injunctive relief to enjoin VIBNL from suspending her license, as well as compensatory and consequential damages. The Complaint alleges that VIBNL's letter, received October 6, 2015, acted as an immediate suspension of her nursing license.[6]

¶ 4       Plaintiff claims that she sought renewal of her nursing license prior to its scheduled December 2015 expiration,[7] and followed up by calling VIBNL in 2018 to inquire about the status of her license renewal. Defendant's representative informed Jagrup in 2018 that it did not have any renewal application for her on file; that she would need to reapply; and that VIBNL had lost many documents in 2017 from Hurricane Irma.[8]

¶ 5       Plaintiff claims that as recently as January 14, 2021, VIBNL informed her that the Attorney General's Office must give clearance before it can entertain any renewal application for her suspended nursing license.[9] Plaintiff asserts that, to date, Defendant has not held a formal hearing or provided her with its determination or a report of its findings concerning the complaint filed

---

[2] *Id.*

[3] *Id.*

[4] Pl.'s Opp. to Mo. to Dismiss, Ex. 4

[5] *Id.*

[6] Complaint ¶¶ 31-32. The Court takes judicial notice of the records of the Superior Court that reflect that Plaintiff also filed two additional actions arising from her termination: *Marsha Jagrup v. Juan F. Luis Hospital* (SX-2015-CV-00573) which remains pending; and *Marsha Jagrup v Benjamm Martmez* (SX-2015-CV-00529) which was dismissed, pursuant to the parties' settlement, by Order entered August 7, 2020.

[7] Pl.'s Opp. to Mo. to Dismiss, Ex. 1-3.

[8] Def.'s Mo. to Dismiss, Ex. C, Interrog. Resp. 5.

[9] Pl.'s Opp. to Mo. to Dismiss, Ex. 1, Jagrup Affid. ¶ 20.

against her.[10] Defendant maintains that it did not receive Plaintiff's license renewal application prior to the expiration of the license on December 31, 2015 as required by 27 V.I.C. § 97(a). As such, Jagrup's licensure concluded on that date and, thereafter she had no license that VIBNL could encumber or terminate.[11]

## LEGAL STANDARD

¶ 6    Subject matter jurisdiction defines the court's authority to hear a given type of case. *Joseph v. Legislature of the Virgin Islands*, 2017 WL 7660718, at *2 (V.I. Super. 2017) (citations omitted). Virgin Islands Rule of Civil Procedure 12(b)(1) and (h)(3) provide that a party may move for a dismissal on the basis that the trial court lacks subject matter jurisdiction, and that if the trial court at any time determines that it lacks subject matter jurisdiction, the action must be dismissed. Such dismissal should be without prejudice because a determination that subject matter jurisdiction is lacking does not constitute a decision on the merits of the case. *Id.*

¶ 7    All motions to dismiss based on Rule 12(b)(1) are not the same. The applicable standard of review under Rule 12(b)(1) differs depending on whether the moving party has made a "facial attack" or a "factual attack" on the court's power to hear the case. *Id.* Similar to a Rule 12(b)(6) motion, a facial attack argument considers a complaint on its face, with all facts taken as true, as insufficient to invoke subject matter jurisdiction based on a jurisdictional defect. Alternatively, a factual attack disputes the existence of jurisdictional facts as sufficient to confer subject matter jurisdiction. Thus, in determining which standard applies, the Court looks at the specific challenge raised by the movant. *Id.*

¶ 8    Here, Defendant asserts that the Court does not have subject matter jurisdiction as the matter before it is moot and thus, not justiciable.[12] Defendant contests the truth of Plaintiff's factual allegations and introduces evidence that controverts Plaintiff's claims.[13] These assertions constitute factual attacks as they concern the Court's "actual ability to hear the case based on facts, or the lack thereof, as developed in the record." *Virgin Islands Tel. Corp. v. Mills*, 2018 WL

---

[10] *Id.* ¶ 13.

[11] Def.'s Reply at 6-7.

[12] Def.'s Mot. to Dismiss at 8.

[13] *Id.* at 6.

3120823, at *1 (V.I. Super. 2018) (citation and internal quotation omitted). Accordingly, the Court may "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*

¶ 9    Pursuant to V.I. R. Civ. P. 12(c), a party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. The Court views the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff. *United Corp. v. Hamed*, 64 V.I. 297, 305 (V.I. 2016) (citing *Benjamin v. AIG Ins. Co. of P.R.*, 56 V.I. 558, 566 (V.I. 2012) (internal quotation marks omitted). A motion for judgment on the pleadings should not be granted unless the moving party has established that there is no material issue of fact to be resolved, and that it is entitled to judgment in its favor as a matter of law. *Id.* In determining whether it is proper to grant a motion for judgment on the pleadings, the Court may not consider evidence from any source outside the pleadings and the exhibits attached to or relied upon in the pleadings. *Id.* The "incorporation by reference" doctrine permits the Court to also consider matters that are integral to, or referenced in, the Plaintiff's claim (though not attached thereto), the authenticity of which have not been challenged, without the need to convert the motion as one for summary judgment pursuant to Rule 12(d). *Hess Oil Virgin Islands Corp. v. Daniel*, 2020 VI Super 50 ¶ 24; 72 V.I. 676, 698 (V.I. Super. 2020) (citations omitted).

## DISCUSSION

### Subject Matter Jurisdiction

¶ 10    Defendant contends that the Court lacks subject matter jurisdiction as presently there is no case or controversy before it and the issue is moot.[14] "The entire premise of Plaintiff's Complaint is that judicial intervention is necessary to prevent her license from being unduly encumbered by the Defendant. Given the fact that Plaintiff allowed her license to lapse shortly after filing this lawsuit, and is not now a licensed nurse in this jurisdiction, the issue has become moot and there is no case or controversy to be resolved…"[15]

¶ 11    The doctrine of standing to initiate an action in the federal courts has two aspects: a "prudential" or claims processing aspect reflecting the need of all courts to control the presentation

---

[14] Def.'s Mot. to Dismiss. at 8.

[15] Def.'s Mot. to Dismiss at 12-13.

of claims in the litigation to assure full and fair exploration of the issues raised; and a constitutional component based on the Article III case and controversy requirement of the U.S. Constitution, which restricts the scope of federal court jurisdiction. Our Supreme Court has held that standing is a non-jurisdictional claims-processing rule in Virgin Islands courts, since Article III of the Constitution does not apply to local courts and no provision of the Revised Organic Act or other Virgin Islands law includes a case-or-controversy requirement. *See Fenster v. DeChabert*, 65 V.I. 20, 41–42 (V.I. Super. 2016) (citing *Benjamin v. AIG*, 56 V.I. at 564).

¶ 12    Like standing, the mootness doctrine in the Virgin Islands is a non-jurisdictional claims-processing rule that has been incorporated into Virgin Islands law only as a matter of judicial policy. *Mapp v. Fawkes*, 61 V.I. 521, 530 (V.I. 2014) (citing *Benjamin v. AIG*, 56 V.I. at 564; *Vazquez v. Vazquez*, 54 V.I. 485, 489 n.1 (V.I. 2010)). The central question in a mootness problem is whether a change in the circumstances that prevailed at the beginning of litigation has forestalled the prospect for meaningful relief. *Virgin Islands Taxi Ass'n v. Virgin Islands Port Auth.*, 67 V.I. 643, 663 (V.I. 2017) (quoting *Zoning Bd. of Adjustment of Garfield Cnty. v. DeVilbiss*, 729 P.2d 353, 356 (Colo. 1986)). A motion becomes moot when something occurs after a motion is filed that resolves the issues raised in that motion. *Id.* Consequently, the expiration of Plaintiff's license shortly after she initiated this litigation represents a change in the prevailing circumstances at the beginning of the litigation, forestalling the Court from granting Plaintiff's request for injunctive relief and rendering moot Plaintiff's request for a preliminary and permanent injunction.

¶ 13    However, injunctive relief is but one form of relief that Plaintiff seeks by her Complaint. Plaintiff also prays for compensatory and consequential damages, attorney's fees, and any other relief to which she may be deemed entitled. These requests for relief are not moot. Plaintiff claims that Defendant suspended her nursing license indefinitely, and Defendant maintains that Plaintiff's license has merely expired. Uncontested is Defendant's noncompliance with 27 V.I.C. § 100 which gives rise to a genuine controversy as to whether Plaintiff's rights to due process were violated resulting in damages to her.[16]

---

[16] "The Board may deny, revoke or suspend any license to practice nursing issued by the Board *or applied for* in accordance with the provisions of this subchapter, upon proof that the person... (6) is guilty of violating the nursing profession Code of Ethics...." 27 V.I.C. § 100(a) (emphasis added).

> Upon the filing of a sworn complaint with [VIBNL] charging a person with having been guilty of any action specified in subsection (a) of this section as grounds for disciplinary action, [VIBNL] shall appoint members to investigate the charge, together with a notice of the hearing, to be served on the accused at least 20 days prior thereto… The accused shall have the right to appear personally or by counsel or both, to procure witnesses, and to offer evidence on his or her behalf. A complete stenographic record of all hearings shall be kept and made available in the case of appeals. Appeals from decisions of the Board may be made to a competent court of law.

27 V.I.C. § 100(b).

¶ 14  Plaintiff asserts that she has a property interest in her nursing license of which she was deprived without due process of law.[17] By its October 1, 2015 letter, Defendant advised Plaintiff that the complaint against her would be "thoroughly investigated by the Board's Disciplinary Committee" and would result in a formal disciplinary judgment.[18] The letter promised that Jagrup would "be notified of the status of this case as the process continues and decisions are made based on the findings."[19] Jagrup was instructed not to seek employment as a registered nurse anywhere in the territory while the investigation progressed.[20]

¶ 15  After JFL filed its sworn complaint with VIBNL on September 25, 2015, the Board was required to investigate the issue and hold a hearing as its October 1, 2015 letter promised and the statute required. Plaintiff was never advised of her right to appear at a hearing, to hear the charge against her or to offer evidence on her own behalf. VIBNL apparently now asserts that by biding its time and doing nothing to comply with the statute's disciplinary complaint procedures, its statutory obligations ended December 31, 2015 when Jagrup's license lapsed, rendering Plainitff's claim moot. Yet, the expiration of the license is immaterial to the question whether Defendant failed to comply with the statutory processes to adjudicate the claim against Plaintiff resulting in damages to her.

¶ 16  Plaintiff claims to have attempted to renew her license before its December 31, 2015, expiration by submitting an application for renewal. She supports this claim with a V.I. Bureau of

---

[17] Complaint ¶ 38.

[18] Pl.'s Opp. to Mo. to Dismiss, Ex. 4

[19] *Id.*

[20] *Id.*

Internal Revenue ("BIR") September 16, 2015 letter for submission "To Your Licensing Authority." The BIR letter was sent "in response to your application of 8/12/2015... for a new or renewal of a license" and "is for license purposes only."[21] Jagrup has presented no application for license renewal and confirms that VIBNL told her in 2018 that it had no renewal application for her on file, noting that its "building was destroyed in 2017 from Hurricane Irma and they lost a lot of documents" and that she would have to submit a new application.[22] A question of fact exists as to whether Plaintiff did seek renewal of her licensure before its expiration, an event that would have required VIBNL to complete the disciplinary proceedings concerning the license "applied for" pursuant to the language of 27 V.I.C. § 100(a).

¶ 17    Plaintiff claims that Defendant VIBNL failed in its obligation to ascertain whether she was guilty of any violation of the Code of Ethics of the nursing profession. As a result of VIBNL's reporting to the National Nursing Database of the pending charges it failed to adjudicate, Plaintiff claims that she is unable to gain employment from by any healthcare facility in the country. The License Verification Report relating to Plaintiff, dated January 11, 2019, advises of disciplinary action in the Virgin Islands with effective dates "10/01/2015 – indefinite/unspecified" with the basis for the action noted as "exploiting a patient for financial gain."[23]

¶ 18    Defendant asserts that it did not suspend Plaintiff's license and because of the expiration of the license, Plaintiff had no property right that Defendant could encumber. However, Plaintiff claims that it was Defendant's inaction in meeting its obligation to investigate and adjudicate the complaint against her that has kept in limbo her privilege to practice her profession. Defendant does not claim to have investigated or held hearings on the complaint, arguing that the December 31, 2015 expiration of the license relieved it of any statutory requirement to resolve the claim, and that the license expiration has rendered the matter moot. Defendant barred Plaintiff from seeking employment until the resolution of its disciplinary proceedings, then neglected to provide her with an opportunity to be heard and to contest the complaint against her. Because VIBNL did not

---

[21] Pl.'s Opp. to Mo. to Dismiss, Ex. 2.

[22] Def.'s Mot. to Dismiss. Ex. C, Pl. Interrog. Resp. No. 5.

[23] Pl's Opp. to Mo. to Dismiss, Ex. 6.

process the complaint against Jagrup that it reported to the National Nursing Database, Plaintiff's claim of resulting damages is not moot.

¶ 19     Defendant further contends that the Court lacks subject matter jurisdiction to hear this matter as Plaintiff has not exhausted administrative remedies available under 27 V.I.C. § 100. That statute "expressly provides for judicial review of the *final determinations* by VIBNL."[24] Defendant asserts that because Plaintiff's claims were not brought pursuant to a final determination by the Board, the matter is not properly before the Court. This argument is unconvincing as Defendant Board has failed to take any steps to determine the complaint against Jagrup in the five years since it was filed.

¶ 20     In determining whether exhaustion applies, the Court must first decide if the applicable statute explicitly requires it. "Courts interpreting statutes must give effect to the plain language of the text where it is clear and unambiguous." *Virgin Islands Tel. Corp. v. Mills*, 2018 WL 3120823, at *3. However, even where exhaustion might otherwise be required, a court may excuse exhaustion "when the challenged agency action constitutes a clear and unambiguous violation of statutory or constitutional rights, when reliance on administrative procedures is clearly and demonstrably inadequate to prevent irreparable injury, and when exhaustion is futile." *Id.*

¶ 21     Unambiguously, 27 V.I.C. § 100(b) stipulates that "appeals from decisions of the Board may be made to a competent court of law." However, the statute also expressly provides for an investigation and a hearing before a final determination. Here, VIBNL neglected to conduct an investigation or hearing and has failed to enter final judgment on the complaint against Plaintiff's conduct. As such, the Court will excuse exhaustion; Plaintiff has averred that Defendant clearly and unambiguously violated her statutory or constitutional rights by not complying with the adjudicative procedures outlined in 27 V.I.C. § 100(b); that reliance on administrative procedures is clearly and demonstrably inadequate to prevent irreparable injury; and that exhaustion is futile.

¶ 22     In sum, the Court has subject matter jurisdiction to hear this case as the matter is not moot. Further, the Court declines to apply exhaustion principles. Defendant had the onus to investigate the complaint against Plaintiff, hold a hearing, and issue judgment. It failed to carry out these

---

[24] Def.'s Mot. Dismiss, at 14 (emphasis added).

duties and cannot circumvent its statutory obligation merely because Plaintiff's license expired in the interim.

**Judgment on the Pleadings**

¶ 23    In the alternative, Defendant contends that it is entitled to judgment in its favor as a matter of law pursuant to V.I. R. Civ. P. 12(c). In considering only the pleadings and the exhibits attached therein and incorporated by reference in a light most favorable to the Plaintiff, Defendant's Motion must be denied. Defendant's clear failure to comply with 27 V.I.C. § 100(b) demonstrates that it is not entitled to judgment in its favor as a matter of law. Additionally, there are material factual matters in dispute, including whether Defendant's October 1, 2015 letter constituted a suspension of Plaintiff's license, and whether Plaintiff did timely seek renewal of her license. Therefore, Defendant's Rule 12(c) motion for judgment on the pleadings cannot be granted.

Accordingly, it is hereby

ORDERED that Defendant's Motion to Dismiss is DENIED.

ORDERED that a copy of this Order be served on the appropriate parties.

DATED: March ___, 2021.

DOUGLAS A. BRADY, JUDGE

ATTEST:

TAMARA CHARLES
Clerk of the Court

By: _____

Court Clerk ~~Supervisor~~ II
3/09/2021